IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CLIFFORD PIPES, III                                                                                          PLAINTIFF
ADC #144242

v.                                       3:20-cv-00388-DPM-JJV

KEVIN MOLDER
Sheriff, Poinsett County                                                                            DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Clifford Pipes, III ("Plaintiff") is a convicted prisoner being held in the Poinsett County Detention Center. He has filed a *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 4.) After careful review and consideration, I recommend the Amended Complaint be

1

dismissed without prejudice for failing to state a plausible claim for relief.[1]

Plaintiff alleges his constitutional rights are being violated because: (1) he was held seventy-eight days without "seeing a judge" or having a "bond reduction hearing"; (2) there is black mold in the showers and air vents; and (3) he is confined in his cell for twenty-three hours a day without yard call. (Doc. 4 at 5.) The only named Defendant is Sheriff Kevin Molder, who is sued in his personal capacity.

In a § 1983 action, supervisors may not be held vicariously liable for the constitutional violations committed by their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not provided facts explaining how Sheriff Molder was personally involved in any of the alleged constitutional violations.

Importantly, I previously brought this pleading deficiency to Plaintiff's attention, gave him thirty days to file an Amended Complaint curing it, and advised him I would recommend dismissal if he failed to do so. (Doc. 3.) However, the Amended Complaint does not cure that deficiency and fails to state a plausible claim for relief.

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 4) be DISMISSED without prejudice for failing to

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

state a claim upon which relief may be granted.

    2.    Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 21st day of December 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."